Jerry Fred HUNT, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–99–0061–CR.

Court of Appeals of Texas, Amarillo.

Oct. 19, 1999.

L. Van Williamson, Law Office of L. Van Williamson, Amarillo, for appellant.

Rebecca King, Dist. Atty., Mark Baskett, Asst. Dist. Atty., Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

QUINN, Justice.

Jerry Fred Hunt (appellant) appeals from a judgment revoking his community supervision or probation and sentencing him to prison. His four issues concern whether he was subject to the condition of probation which he was accused of violating. Because we conclude that the court did not abuse its discretion in revoking his probation, we affirm.

### Background

In July of 1990, appellant was convicted of indecency with a child and sentenced to ten years imprisonment. However, the court suspended the sentence and placed him on probation. Various conditions to his probation were imposed. Two required that he undergo "rehabilitative training as determined by [his] probation officer" and "participate in ... sex offender counseling as directed." In the ensuing years, his conditions of probation were modified by the trial court four times. The modifications occurring in March, 1992, July, 1992, and March, 1994 retained the two aforementioned conditions. However, the court also obligated appellant (via the three orders) to participate in "weekly sessions" with particular counselors such as Dr. Anthony Arden.

The last modification, which occurred on October 27, 1998, said nothing of appellant attending weekly sessions with particular counselors, however. Instead, he was ordered to "[c]omply with the directives of the Sex Offender Program conducted by the Community Supervision and Corrections Department" by "[a]ttend[ing] and successfully complet[ing] the sex offender treatment. . . ." Furthermore, that particular condition was enumerated "27G" in the court order.

Approximately six weeks after implementation of the October 27 changes (that is, on December 7, 1998), the State moved to revoke appellant's probation. It did so on the basis that he "failed to comply with the 27G condition of his supervision in that the defendant was discharged from sex offender treatment on October 19, 1998." When the motion came for hearing on February 4, 1999, appellant waived its reading, initially pled "not true" to the accusation contained therein, and subsequently altered his plea to "true". Additionally, evidence presented at the hearing illustrated that he had been discharged on October 19, 1998 from Dr. Arden's weekly sex offender treatment sessions for non-attendance. So too was it established that he had yet to successfully complete any sex offender treatment program. Hearing this, the trial court found that appellant "failed to complete sex offender treatment as directed as alleged in the State's Motion to Revoke . . ." and revoked his probation.

### Standard of Review

■ Whether to revoke one's probation is a question which lies within the trial court's considered discretion. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Crim.App. 1987). However, before that discretion can be exercised in favor of revocation, it must be shown by a preponderance of the evidence that the individual violated a con-

dition of probation imposed upon him. *Id.; see Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993) (requiring proof by a preponderance of the evidence). It is the latter element which lies at the heart of appellant's complaints at bar.

### Application of Standard

As previously mentioned, the court's decision is attacked on four grounds. Each ground relates to whether the trial court could have found that appellant violated "27G". In other words, appellant asserts that the trial court could not have found that he violated this condition because 1) "there is no such condition contained in [sic] probation order in effect [sic] October 19, 1998," 2) "the alleged violation contained in the State's motion to revoke is not a condition contained, as described, in the Fourth Amended Probation Order," 3) the "State failed to show that appellant was under that condition at [sic] time of alleged violation," and 4) "the condition ... is a condition subsequent to the alleged date of the violation." We reject each basis of attack for several reasons.

First, deficiencies in a motion to revoke must be raised at or before trial. *Labelle v. State,* 692 S.W.2d 102, 105 n. 2 (Tex.Crim.App.1985); *Barrow v. State,* 505 S.W.2d 808, 809 (Tex.Crim.App.1974). Yet, none of the complaints now urged by appellant were so raised. Consequently, they are waived.

Second, appellant's contentions are nothing more than an effort to place form over substance. That is, he wants us to do two things. First, he endeavors to have us focus solely upon the numerical label attached to the condition alleged by the State in its motion. And, because that specific numeral was not contained in any order executed by the court prior to his discharge from sex offender treatment on October 19, 1998, he next urges us to hold that his probation was revoked for violating a condition that had yet to become effective. In other words, he wants us to

focus upon the number identifying the condition rather than the substance of the condition itself. Yet, if we forego his effort to redirect our attention away from the substance of the condition, we find that his probation was truly revoked because he breached a condition which had been imposed long before October 19, 1998. And this is illustrated by simply comparing 27G with condition number 29 contained in the order effective immediately prior to implementation of the order containing number 27G, that is, the March 31, 1998 "Order Suspending Imposition of Sentence and Placing Defendant on Probation".

Again, 27G directed appellant to "attend and successfully complete sex offender treatment...." On the other hand, condition number 29 in the March 1994 order required him to "attend and successfully participate in weekly sessions with Dr. Anthony Arden." According to the record, Dr. Arden operated a program for the treatment and counseling of sex offenders. Given this latter circumstance, it can reasonably be said that in ordering appellant to attend sessions with Dr. Arden, the court implicitly directed appellant, via condition 29, to attend sex offender treatment. When so construed, the substance of condition 29 is virtually identical to 27G, that is, both obligated appellant to attend and successfully participate in or complete sex offender treatment. And, because condition 29 was effective on October 19, 1998 (the date appellant was discharged from Arden's sessions for non-attendance), we are unable to sustain his arguments that his probation was revoked for breaching a condition which was non-existent on October 19th.

In sum, courts must place the substance of a motion or pleading over its form. *Moore v. Collins,* 897 S.W.2d 496, 499–500 (Tex.App.—Houston [1st Dist.] 1995, no writ). Nothing lawfully precludes us from doing that here. This is especially so when, as here, the appellant never complained of being misled by the pleading or

of lacking notice of its content.[1] So, despite the fact that the State's motion to revoke may have had defects in form in that it mistakenly referred to a number describing a condition which number was non-existent when the breach occurred, the substance of the motion and allegations must control. And, when we focus upon their substance and the evidence of record, we conclude that the trial court did not abuse its discretion in revoking appellant's probation. Consequently, the judgment entered below is affirmed.

---

1. Indeed, he pled true to the allegations after talking with counsel. In pleading true to them after talking to counsel, it can hardly be said that he failed to understand them.