NO. 07-04-0080-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 25, 2004



______________________________




CHARLES GIBBS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;



NO. 2003-484936; HONORABLE DRUE FARMER, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

ORDER


 Appellant Charles Gibbs was convicted of driving while intoxicated in cause number
2003-484-936 in the County Court at Law No. 2 of Lubbock County, Texas. He gave
notice of appeal. The clerk's record was filed on April 2, 2004. On July 8, 2004, the
appeal was abated and remanded for further proceedings by the trial court. By order dated
July 15, 2004, the trial court (1) found that appellant had hired counsel for appeal and
made arrangements to pay for the reporter's record and clerk's record on appeal; and (2)
ordered appellant's counsel to file appellant's brief as set out in the Texas Rules of
Appellate Procedure. 

 The reporter's record was filed on August 9, 2004. Appellant's brief has not been
filed. 

 By letter dated September 27, 2004, the appellate clerk notified counsel for
appellant that appellant's brief was due to be filed no later than September 8, 2004, but
that no brief had been filed and no motion for extension of time for filing the brief had been
received. The clerk's letter set out that a satisfactory response to the letter was due no
later than October 7, 2004. No response has been received from appellant's counsel. 

 Appellant's counsel David Martinez is ordered to file appellant's brief in this matter
in such manner that the brief will be received by the appellate clerk no later than 5:00 p.m.
on November 22, 2004. Failure by counsel Martinez to file appellant's brief as directed
may result in one or more of the following: 

 1. A hearing requiring David Martinez to show cause why he should not be
held in contempt; 

 2. A complaint to the State Bar of Texas alleging professional misconduct; 

 3. Appropriate sanctions; or 

 4. Abatement to the trial court for appropriate action. 


 So ordered. 

 Per Curiam



d HANCOCK, JJ.
          Anna Roberts, appellant, appeals a judgment revoking her probation or community
supervision. Via a single issue, she contends the trial court abused its discretion in doing
so. We affirm the judgment as modified.
 
Background
          Appellant was convicted of delivering a controlled substance in a drug free zone and
received a ten year sentence. Thereafter, the trial court placed her on “shock” probation
for a period of ten years. Within a year, however, the State moved to revoke her probation. 
That attempt being unsuccessful, it filed a second motion seeking the same relief. Through
it, appellant was accused of 1) committing two new offenses and 2) failing to make monthly
payments on her fine, court costs and fees, to complete her community service hours, to
reimburse the county for her court appointed attorney, to attend substance abuse
counseling, and to execute a pauper’s affidavit when she defaulted on her monthly
financial obligations. Appellant pled true to three of the six allegations, and the trial court
found that she had violated her probation by failing to 1) pay the fees due for the months
of June and July of 2007, 2) complete her community service hours, 3) attend substance
abuse counseling, and 4) execute the pauper’s affidavit. The latter three findings
encompassed the allegations to which she pled true. This led to the revocation of her
community supervision. 
Issue - Abused Discretion
          Appellant contended in her single issue that the trial court abused its discretion in
revoking her probation. This was so because she allegedly was unable to perform the
duties imposed on her due to her purported financial condition, her purported time
commitments, information purportedly given her by her probation officer, and the same
officer purportedly neglecting to ask her to complete the pauper’s affidavit. We overrule
the issue. 
 
          Standard of Review           
          Whether to revoke one's probation is a question which lies within the trial court's
considered discretion. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App.1987); Hunt
v. State, 5 S.W.3d 833, 834-35 (Tex. App.–Amarillo 1999, pet. ref’d). Before that
discretion can be exercised in favor of revocation, it must be shown by a preponderance
of the evidence that the individual violated a term of his probation. See Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993) (requiring proof by a preponderance of the
evidence). Moreover, that burden can be satisfied by the accused pleading true to at least
one of the allegations levied by the State, even if the accused believed and attempted to
prove that he had a viable defense. Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim.
App. [Panel Op.] 1979); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.]
1979). 
          Analysis
          As previously mentioned, appellant pled true to some of the allegations made in the
motion to revoke. Having done so, the trial court had basis to grant the motion. That she
may have had reasons which she believed justified her conduct matters not given her
pleas. More importantly, various of her excuses were subject to debate and dependent
upon her credibility. Thus, the trial court could well have opted not to believe her.
Consequently, we find no abused discretion on the part of the trial court in granting the
State’s motion. 
          We do note, however, that appellant originally pled guilty to and was convicted of
delivering a controlled substance in a drug free zone. Yet, the judgment revoking her
probation described the conviction as possessing a controlled substance within a drug free
zone. Thus, we modify the latter judgment (dated February 8, 2008) to reflect the actual
conviction, that is, the delivery of a controlled substance in a drug free zone. 
          So modified, we affirm the judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice


Do not publish.