NO. 07-08-0151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2008

_____

ANNA ROBERTS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4044; HON. FELIX KLEIN, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Anna Roberts, appellant, appeals a judgment revoking her probation or community supervision. Via a single issue, she contends the trial court abused its discretion in doing so. We affirm the judgment as modified.

### Background

Appellant was convicted of delivering a controlled substance in a drug free zone and received a ten year sentence. Thereafter, the trial court placed her on "shock" probation for a period of ten years. Within a year, however, the State moved to revoke her probation. That attempt being unsuccessful, it filed a second motion seeking the same relief. Through it, appellant was accused of 1) committing two new offenses and 2) failing to make monthly payments on her fine, court costs and fees, to complete her community service hours, to reimburse the county for her court appointed attorney, to attend substance abuse counseling, and to execute a pauper's affidavit when she defaulted on her monthly financial obligations. Appellant pled true to three of the six allegations, and the trial court found that she had violated her probation by failing to 1) pay the fees due for the months of June and July of 2007, 2) complete her community service hours, 3) attend substance abuse counseling, and 4) execute the pauper's affidavit. The latter three findings encompassed the allegations to which she pled true. This led to the revocation of her community supervision.

### Issue - Abused Discretion

Appellant contended in her single issue that the trial court abused its discretion in revoking her probation. This was so because she allegedly was unable to perform the duties imposed on her due to her purported financial condition, her purported time commitments, information purportedly given her by her probation officer, and the same officer purportedly neglecting to ask her to complete the pauper's affidavit. We overrule the issue.

*Standard of Review*

Whether to revoke one's probation is a question which lies within the trial court's considered discretion. *DeGay v. State*, 741 S.W.2d 445, 449 (Tex. Crim. App.1987); *Hunt v. State*, 5 S.W.3d 833, 834-35 (Tex. App.–Amarillo 1999, pet. ref'd). Before that discretion can be exercised in favor of revocation, it must be shown by a preponderance of the evidence that the individual violated a term of his probation. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (requiring proof by a preponderance of the evidence). Moreover, that burden can be satisfied by the accused pleading true to at least one of the allegations levied by the State, even if the accused believed and attempted to prove that he had a viable defense. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

*Analysis*

As previously mentioned, appellant pled true to some of the allegations made in the motion to revoke. Having done so, the trial court had basis to grant the motion. That she may have had reasons which she believed justified her conduct matters not given her pleas. More importantly, various of her excuses were subject to debate and dependent upon her credibility. Thus, the trial court could well have opted not to believe her. Consequently, we find no abused discretion on the part of the trial court in granting the State's motion.

We do note, however, that appellant originally pled guilty to and was convicted of delivering a controlled substance in a drug free zone. Yet, the judgment revoking her

3

probation described the conviction as possessing a controlled substance within a drug free zone. Thus, we modify the latter judgment (dated February 8, 2008) to reflect the actual conviction, that is, the delivery of a controlled substance in a drug free zone.

So modified, we affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.