# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
### NO. 02-13-00243-CR



CRAIG A. ARMSTRONG                                      APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two points, Appellant Craig A. Armstrong appeals the revocation of his deferred adjudication community supervision. We affirm.

In February 2013, in exchange for five years' deferred adjudication community supervision and a $500 fine, Armstrong pleaded guilty to assault causing bodily injury-family violence with a prior assault-family violence conviction. Around two months later, the State filed a petition to proceed to adjudication, alleging that Armstrong had violated the community supervision

---

[1]*See* Tex. R. App. P. 47.4.

condition prohibiting commission of a new offense by intentionally or knowingly causing bodily injury to D.W., a member of his family or household, by tackling her to the ground or by pushing her to the ground with his hand.

Although the State filed the petition on April 19, 2013, the date alleged for the new offense was on or about April 9, 2012.  After the trial court read the allegation, Armstrong did not object to the incorrect date, said that he understood the allegation, and pleaded "not true" to it.  D.W. testified that she and Armstrong had been living together when, on April 9, 2013, Armstrong put his hands on her and his arms around her as she tried to flee from him.  D.W. said that she did not feel like she had been assaulted, had not felt any pain, and did not tell the police that Armstrong had tackled her.  The trial court admitted State's Exhibits 2 and 3, photographs of Armstrong on April 9, 2013, and State's Exhibits 4 through 12, photographs of D.W. on April 9, 2013, into evidence.[2]  The trial court also admitted State's Exhibit 13, the emergency protective order that D.W. signed on April 9, 2013.  The order contains Armstrong's acknowledgment of receipt, which he signed on April 9, 2013.

---

[2]A witness to the encounter testified that on April 9, 2013, she saw Armstrong tackle D.W., and a Fort Worth police officer testified that she investigated the incident that day, took the photographs contained in State's Exhibits 4 through 12, and saw the redness on D.W.'s arms, scratches on her wrists and hands, and a scuff mark on her left knee.  Another officer stated that D.W. told her that when Armstrong made her fall to the ground, "she did have pain in her hands and knees and her arms from that."

After both parties closed, Armstrong argued that the trial court should deny the petition because the State had alleged April 9, 2012, which was before he had been placed on community supervision, and the testimony at the hearing reflected that the new offense had occurred on April 9, 2013. The trial court overruled the objection and found the State's allegation true as to a lesser-included offense of recklessly causing bodily injury to D.W., entered judgment adjudicating Armstrong guilty of the original offense, and sentenced Armstrong to six years' confinement.

In his first point, Armstrong argues that the trial court erred by proceeding to adjudication "because of a critical variance" between the date in the State's petition and the testimony at the hearing. In his second point, Armstrong contends that the original post-plea proceedings did not meet the mandatory requirements of code of criminal procedure article 42.12, section 5(a).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Deficiencies in a motion to revoke must be raised at or before trial, and failure to object at that time forfeits the sufficiency of the notice provided by the motion on appeal. *Labelle v. State*, 692 S.W.2d 102, 105 & n.2 (Tex. Crim. App. 1985) (stating that a long line of cases hold that the allegations in a motion to revoke do not require the same particularity as that required of an indictment or information; rather, "the motion to revoke must simply give fair notice of the violation involved in order to comport with minimum due process"); *Hunt v. State*, 5 S.W.3d 833, 835 (Tex. App.—Amarillo 1999, pet. ref'd) (holding complaints about deficiencies in the motion to revoke were forfeited when appellant failed to raise them at or before trial); *see also Moores v. State*, Nos. 05-10-01270-CR, 05-10-01271-CR, 2012 WL 556184, at *5 (Tex. App.—Dallas Feb. 22, 2012, no pet.) (mem. op., not designated for publication) (stating that any error by the State in failing to allege an "on or about" date in the motion to revoke was harmless because the revocation hearing record reflected that appellant knew what he was required to defend against and that his contacts with the complainant that the State proved and relied upon to revoke his probation occurred within the term of his probation); *Pierce v. State*, 113 S.W.3d 431, 439 (Tex. App.—Texarkana 2003, pet. ref'd) (stating that a variance is only material if it operates to the defendant's surprise or prejudices his rights). Because Armstrong did not raise his complaint about the date in the motion to revoke until the hearing's conclusion, he has failed to preserve this complaint for our review, and we overrule his first point. *See* Tex. R. App. P. 33.1(a)(1).

4

In his second point, Armstrong concedes that he did not raise his complaint about article 42.12, section 5(a)'s post-plea proceedings in the trial court.[3]  Further, despite his argument that he was harmed when he did not receive the warnings *after* entry of deferred adjudication community supervision—even though he received the same warnings in his written plea admonishments *before* pleading guilty in exchange for deferred adjudication community supervision—he has not shown that he would not have pleaded guilty if he had been admonished differently.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) ("The failure of a judge to inform a defendant of possible consequences under Subsection (b) of this section is not a ground for reversal unless the defendant shows that he was harmed by the failure of the judge to provide the information."); *Brown v. State*, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997) (stating that when a defendant complains about the trial court's failure to give certain information that is statutorily but not constitutionally required, he "should be required to show that he would not have entered his plea had he been given the required information").  Therefore, we overrule his second point.

---

[3]Article 42.12, section 5(a) states, in pertinent part,

> After placing the defendant on community supervision under this section, the judge shall inform the defendant orally or in writing of the possible consequences under Subsection (b) of this section of a violation of community supervision.  If the information is provided orally, the judge must record and maintain the judge's statement to the defendant.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West 2006 & Supp. 2013).

Having overruled both of Armstrong's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 3, 2014