**David Wayne LaBELLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 727–84.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1985.

Michael L. Aaronson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Nick O. Martinez, Jr., Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., and Alfred Walker, First Assistant, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

In 1977, appellant pled guilty to the offense of burglary of a habitation. See V.T.C.A. Penal Code, § 30.02(a)(1). The trial judge sentenced him to ten years confinement in the Texas Department of Corrections, but suspended the sentence and placed appellant on probation for ten years. In 1981, the State filed a motion to revoke probation in the same court in which appellant had been placed on probation. The trial judge granted the motion, revoked ap-

pellant's probation, and sentenced him to five years imprisonment in the Texas Department of Corrections. Appellant appealed the conviction to the El Paso Court of Appeals, alleging that the State's motion to revoke was fundamentally defective for failure to negate a statutory exception. The court of appeals reversed appellant's conviction. *LaBelle v. State,* 670 S.W.2d 755 (Tex.App.—El Paso 1984). We granted the State's petition for discretionary review to determine whether the El Paso Court of Appeals erred in holding the motion to revoke fundamentally defective and the proceedings thereunder void. We find that they did so err and reverse their judgment.

The State's motion to revoke alleged: "3. [O]n or about the 18th day of February, 1981, in the County of El Paso and State of Texas, the said defendant DAVID WAYNE LABELLE, did then and there (unlawfully), intentionally remove a governmental record from the El Paso County Court Residential Treatment Center in violation of the above mentioned condition of probation.

Furthermore, on or about the 18th day of February in the County of El Paso and State of Texas, the said defendant, DAVID WAYNE LABELLE, did then and there unlawfully intentionally destroy a governmental record belonging to the El Paso County Adult Probati[on] Department in violation of the above mentioned condition of probatio[n]."

"4. The State alleges that by virtue of the circumstances set out in the foregoing paragraph '3', the named defendant has violated the terms of his ...

adult probation and that the same therefore should be revoked by the Court."

The offense underlying the State's Motion to Revoke is found in V.T.C.A. Penal Code, § 37.10(a)(3), and provides in pertinent part:

"[A person commits an offense if he] intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record."

Subsection (b) of V.T.C.A. Penal Code, § 37.10 provides:

"It is an exception to the application of Subsection (a)(3) of this section that the governmental record is destroyed pursuant to legal authorization."

In his second ground of error before the El Paso Court of Appeals, appellant claimed that the motion to revoke his probation was fundamentally defective.[1] Appellant cited *Few v. State,* 588 S.W.2d 578 (Tex.Cr.App.1979), for the proposition that since the State's motion to revoke failed to specifically negate the existence of the exception, it failed to state an offense and was insufficient to support the revocation.

The court of appeals agreed, and stated: "... We note that [V.T.C.A. Penal Code, § 2.02] requires the State to negate the exception 'in the accusation charging commission of the offense....' The clear import of that language is that the necessity of pleading the negation of the existence of the exception is not limited to informations or indictments but applies to any charging instrument. Given the specificity of the language in Section 2.02, we find that a mere allegation of

---

1. Appellant filed a motion to quash the revocation motion on grounds of insufficient notice; the motion to quash did not contain allegations concerning negation of any statutory exception. The trial court denied appellant's motion. The court of appeals did not reach appellant's complaint of this action of the trial court. Appellant's motion to quash alleged in pertinent part:

"Paragraph 3 of the above-mentioned Motion to Revoke Probation alleging that the Defendant violated the terms of the probation order of August 2, 1978, in that he unlawfully intentionally removed and destroyed a governmental record from the El Paso County Court Residential Treatment Center.

Said paragraph is defective in that it is vague and fails to give fair notice of the alleged violation because it fails to specify what law or laws Defendant is alleged to have violated, because it fails to specify what document alleged to be a governmental record Defendant is alleged to have removed and destroyed, and because it fails to identify the place where Defendant is alleged to have destroyed such document. These defects in the State's Motion to Revoke Probation constitute a denial of Defendant's due process rights in that such Motion does not give Defendant sufficient information to properly defend against the charge made."

unlawfulness does not negate the existence of the exception with requisite specificity. Ground of Error No. Two is sustained."

*LaBelle,* supra at 756. In order to determine the correctness of the court of appeals' opinion, a brief review of "fundamental error" in charging instruments is appropriate.

■ One of the purposes of an indictment or information is to invoke the jurisdiction of the trial court in criminal cases. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr. App.1977). In order to do so, the indictment or information must allege all of the elements of the offense. *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978); *Ex parte County,* 577 S.W.2d 260 (Tex.Cr. App.1979), at 261 citing *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); see also *Dennis v. State,* 647 S.W.2d 275 (Tex.Cr.App.1983), and *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr.App.1978). Normally, if an element is omitted, the trial court never acquires jurisdiction. Cf. *Foster v. State,* 635 S.W.2d 710 (Tex.Cr.App.1982). Such an error is therefore said to be fundamental. A conviction based upon an indictment or information which contains such fundamental error and thus fails to invoke the court's jurisdiction is void; therefore, a jurisdictional defect in the indictment may be raised at any time. *Lackey v. State,* 574 S.W.2d 97 (Tex.Cr.App.1978), citing *Casias v. State,* 503 S.W.2d 262 (Tex.Cr.App.1973) and *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976).

■ The negation of an exception to an offense is defined to be an element of the offense. V.T.C.A. Penal Code, § 1.07(a)(13)(d); V.T.C.A. Penal Code, § 2.02(b). Thus, if an indictment fails to negate an exception to the offense, then the indictment has not alleged all of the elements of the offense and the court does not have jurisdiction of the case. *Few,* supra. Also, it follows that a defect involving failure to negate an exception to the offense may be raised at any time.

■ Motions to revoke probation, however, do not serve to invoke the jurisdiction of the court. As stated in Art. 42.12, § 5, V.A.C.C.P., only the court in which the defendant was tried may revoke probation. That court's jurisdiction is first obtained through the indictment filed against the defendant and upon which his probation is assessed. *Crawford v. State,* 624 S.W.2d 906 (Tex.Cr.App.1981). That court *retains* jurisdiction over a defendant while he is on probation. Art. 42.12, V.A.C.C.P.

■ Since the motion to revoke probation does not invoke the court's jurisdiction, it is inherently incapable of containing a fundamental defect which prevents jurisdiction from attaching in the revoking court, thereby rendering that court's actions void. It follows that the failure to allege all of the elements of an offense, which would render an indictment or information fundamentally defective for failing to invoke the jurisdiction of the court could not so render a motion to revoke. Thus, a motion to revoke may not be held fundamentally defective for failing to allege all of the elements of an offense, including express negations of offense exceptions.[2]

2. In addition to invoking the jurisdiction of the court, indictments and informations also serve the purpose of informing the defendant of the charges against him. *Drumm,* supra. Due process requires that an indictment or information inform the defendant of the charges against him with sufficient specificity so that an adequate defense may be prepared. There is a long line of cases which hold that the allegations in a motion to revoke do not require the same particularity as that required of an indictment or information. Rather, the motion to revoke must simply give fair notice of the violation involved in order to comport with minimum

due process. *Bradley v. State,* 608 S.W.2d 652 (Tex.Cr.App.1980); *Gordon v. State,* 575 S.W.2d 529 (Tex.Cr.App.1978); *Garner v. State,* 545 S.W.2d 178 (Tex.Cr.App.1977); *Barrow v. State,* 505 S.W.2d 808 (Tex.Cr.App.1974); *Kuenstler v. State,* 486 S.W.2d 367 (Tex.Cr.App.1972), and cases cited therein at 369; *Martinez v. State,* 493 S.W.2d 954 (Tex.Cr.App.1973), and cases cited therein at 955; *Campbell v. State,* 456 S.W.2d 918 (Tex.Cr.App.1970). Moreover, any defects regarding sufficiency of the allegations in a motion to revoke must be raised at trial; failure to object at that time waives the sufficiency of the

Based upon the foregoing, the El Paso Court of Appeals erred in holding that negation of the exception provided for in § 37.10(b) of the Penal Code was required in the instant motion to revoke and that absent such a negation, the motion was fundamentally defective and the proceedings void.

Accordingly, we reverse the judgment of the El Paso Court of Appeals, and remand the case to that court for consideration of appellant's other grounds of error. [See footnote 1.]

CLINTON and TEAGUE, JJ., concur.

notice provided by the motion on appeal. *Martinez,* supra.

With regard to the sufficiency of notice provided by a motion to revoke probation, this Court has held that the motion need not allege all of the elements of an offense, even in the face of a motion to quash, if the defendant is provided with fair notice of the allegations against him. See *Leyva v. State,* 552 S.W.2d 158 (Tex.Cr.App.1977).

Although these cases are helpful to our consideration of the relationship between motions to revoke and indictments, they are not applicable to the narrow question presented in this petition for discretionary review. We cite them so that the doctrines underlying their holdings are not confused with the holding set forth this day.