NO. 07-00-0405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 6, 2001

_____


AARON BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 72nd DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-422102; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Aaron Brown appeals his adjudication of guilt for the offense of retaliation and the revocation of his community supervision. He urges that (1) the evidence was insufficient to support a finding that he violated the terms of his probation, (2) the condition of his probation requiring him to completely abstain from alcoholic beverages was illegal and violation of that condition could not support revocation and (3) the trial court which conducted the adjudication hearing was without jurisdiction. We affirm.

## I. BACKGROUND

On September 12, 1997, pursuant to a plea bargain, appellant pled guilty to the offense of retaliation in the 72nd District Court of Lubbock County. In accordance with the plea bargain, adjudication of guilt was deferred and appellant was placed on community supervision for five years. The plea was heard by, adjudication was deferred by, and community supervision was imposed by the Honorable Bradley Underwood, acting under an exchange of benches.

The State subsequently filed a Motion to Proceed With Adjudication of Guilt. Judge Underwood, again acting under an exchange of benches, heard the State's amended motion and determined that appellant violated terms of his probation order that required appellant to (1) commit no offense against the laws of Texas or any other State or the United States, and (2) maintain total abstinence from the use or possession of alcoholic beverages and any narcotics or dangerous drugs not prescribed by a physician and cooperate fully with the Community Supervision Officer and any other agency contracted therewith to achieve rehabilitation of appellant. Judge Underwood adjudicated appellant guilty of retaliation and revoked his community supervision. At the time he adjudicated appellant, Judge Underwood affirmed to appellant that appellant did not have the right to appeal the adjudication decision. Judge Underwood then conducted a sentencing hearing and sentenced appellant to confinement in the Texas Department of Criminal Justice, Institutional Division, for five years. Judge Underwood specified after the sentencing hearing that appellant could appeal the sentencing decision. The Judgment Adjudicating Guilt was styled as being in the 137th District Court of Lubbock County. Appellant filed a

2

notice of appeal setting out three bases for appeal: (1) a general notice paragraph as to the adjudication of guilt and sentence, (2) a statement that the appeal was from the denial of a written pretrial motion ruled on before the adjudication hearing and (3) an assertion that the trial court gave permission to appeal.

By three issues appellant urges reversible error in the adjudication of guilt and revocation of his community supervision. His first issue asserts insufficiency of the evidence to prove that appellant violated any laws of the State of Texas. His second issue urges that the condition of his probation requiring him to totally abstain from the use of alcohol was unauthorized by statute, was illegal, and therefore could not be the basis for revocation of his community supervision. His third issue asserts that the trial court was without jurisdiction to hear the revocation proceeding because the prosecution and deferred adjudication order were in the 72nd District Court of Lubbock County, the record did not contain an order transferring jurisdiction to the 137th District Court of Lubbock County, and pursuant to TEX. CRIM. PROC. CODE ANN. art. 42.12 § 10(a) (Vernon Supp. 2001),[1] the 137th District Court of Lubbock County was without jurisdiction to hear and rule on the adjudication motion.

## II. LAW

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Jurisdiction is the power of the court over the subject matter of the case, conveyed by

[1]Further references to the Code will reference the "Code of Criminal Procedure."

3

statute or constitutional provision, id., coupled with personal jurisdiction over the parties. Flowers v. State, 935 S.W.2d 131, 134 n.4 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte*. Roberts, 940 S.W.2d at 657. For, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, provide procedures which must be followed in order to invoke jurisdiction over a particular appeal. See Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist, id. (quoting Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex.Crim.App. 1964)), and the appeal will be dismissed for lack of jurisdiction. See State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Crim.App. 2000). If appeal as to an issue or matter is properly perfected as to form, a court must examine the record underlying the notice of appeal to determine if jurisdiction substantively exists as to the issue or matter in question. See Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.--Dallas 1999, no pet.). Dismissal of an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal is proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732, 736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record. See Sherman, 12 S.W.3d at 492. In other words, if TEX. R. APP. P. 25.2(b)(3)[2] is applicable, then for an appellate court to have its jurisdiction invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and substance. Id.

---

[2]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

The requirements of TRAP 25.2(b)(3) apply to a defendant who plea bargains for deferred adjudication. See Vidaurri v. State, 49 S.W.3d 880, 883 (Tex.Crim.App. 2001). To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. TRAP 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000).

An appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not, on appeal, raise contentions of error in the adjudication of guilt process. Code of Criminal Procedure article 42.12, § 5(b); Connolly v. State, 983 S.W.2d 738, 741 (Tex.Crim.App. 1999).

III.  ANALYSIS

A.  Issue One:  Insufficiency of the evidence to prove

violation of a term of probation

Appellant's first issue asserts that the trial court abused its discretion in finding that appellant violated the terms of his probation. He urges that the evidence was insufficient to prove by a preponderance of the evidence that appellant violated a law. We conclude that we do not have jurisdiction over the issue, and even if we had jurisdiction, appellant is precluded from raising the issue on appeal.

5

Appellant's Notice of Appeal generally states his intent to appeal the trial court's ruling adjudicating him guilty, revoking his community supervision and assessing his punishment at five years confinement. Thereafter, the Notice specifies that (1) appellant intends to appeal a ruling denying a written pretrial motion which was ruled on before the adjudication hearing, and (2) the trial court gave permission to appeal the ruling adjudicating guilt and revoking community supervision.

Issue one does not relate to denial of a written pretrial motion. And, although his Notice of Appeal states that the trial court granted permission to appeal the ruling adjudicating guilt, see TRAP 25.2(b)(3)(C), the record reflects that the trial court did not give such permission, even assuming *arguendo*, that the provisions of the Code of Criminal Procedure would have allowed the trial court to do so. See Code of Criminal Procedure article 42.12, § 5(b). Nor does the issue address a jurisdictional issue as to the trial court. The issue is not encompassed within appellant's Notice of Appeal.

Because our appellate jurisdiction in this matter has not been invoked by compliance with TRAP 25.2(b)(3) in either form or substance, we must dismiss the issue. See Sherman, 12 S.W.3d at 492.

Moreover, appellant may not, on appeal, raise contentions of error in the process by which his guilt was adjudicated. See Code of Criminal Procedure article 42.12, § 5(b); Connolly, 983 S.W.2d at 741.

## B.  Issue Two:

## The condition of probation requiring appellant to completely
## abstain from using alcoholic beverages was illegal.

Appellant next urges that in setting the terms of his deferred adjudication community supervision the trial court imposed an unreasonable, and therefore illegal, condition by requiring him to abstain completely from the use of alcohol.  See  Code of Criminal Procedure article 42.12, § 11.  He asserts that the requirement was unreasonable, and therefore illegal, because it bore no reasonable relationship to the retaliation offense which was the basis for imposition of community supervision.  The substance of his appellate issue, as set out in his Notice of Appeal, relates to the trial court's overruling of a written motion which was heard before the adjudication hearing, not to a motion made and ruled on before the hearing at which he pled guilty and received deferred adjudication.

We again first determine whether appellant perfected his appeal and invoked our appellate jurisdiction on this issue. See Riewe, 13 S.W.3d at 413-14.  First, we observe that appellant does not urge that this issue involves a jurisdictional defect.  See TRAP 25.2(b)(3)(A).  Next, we reiterate our previous determination that the trial court did not give appellant permission to appeal the ruling adjudicating guilt and revoking community supervision, even if the court could have properly done so.  See TRAP 25.2(b)(3)(B).  We lastly address the statement in appellant's Notice of Appeal that he is appealing the denial of a written pretrial motion ruled on before the adjudication hearing.  See TRAP 25.2(b)(3)(C).

7

The Legislature provided that contentions that error occurred in the process by which a defendant's guilt was adjudicated may not be raised on appeal. See Code of Criminal Procedure article 42.12, § 5(b); Connolly, 983 S.W.2d at 741. When we consider the statement in appellant's notice of appeal to the effect that the substance of the appeal was raised by written motion ruled on before the adjudication hearing, and the record which shows that his motion was filed after the hearing at which appellant pled guilty and received deferred adjudication, we conclude that our jurisdiction has not been invoked by the form of appellant's Notice of Appeal or the substance of the record. See Sherman, 12 S.W.3d at 492. We, therefore, must dismiss the claims made in appellant's second issue.

## C.  Issue Three: The trial court lacked jurisdiction
## to hear the matter

By his third issue appellant challenges the jurisdiction of the 137th District Court of Lubbock County to hear the State's motion to adjudicate. He bases his issue on his claim that the prosecution and order for deferred adjudication and imposition of community supervision were entered in the 72nd District Court of Lubbock County, and the record does not contain an order indicating that jurisdiction was transferred to the 137th. He cites LaBelle v. State, 692 S.W.2d 102 (Tex.Crim.App. 1985), and references Code of Criminal Procedure article 42.12 § 10(a) which provides that only the court in which a defendant was tried may revoke community supervision, unless the judge has transferred jurisdiction of the case to another court.

The docket sheet shows that appellant's case was originally assigned to the 72nd District Court, and that on September 12, 1997, Judge Underwood, "Under Exchange of Benches," heard appellant's guilty plea, deferred appellant's adjudication and granted him community supervision. The Order for Deferred Adjudication signed by Judge Underwood on September 12, 1997, is styled as being in the 72nd District Court and specifically sets out that Judge Underwood presided "Under Exchange of Benches." The State's original and amended motions to proceed with adjudication are styled in the 72nd District Court. Prior to the adjudication hearing, appellant filed motions styled with the proper trial court cause number, 96-422,102, but with the 137th District Court in the style of the case. Neither the docket sheet nor any other evidence in the record supports appellant's claim that the case was transferred from the 72nd District Court to the 137th District Court. The docket sheet entry for the adjudication hearing shows that Judge Underwood again presided "Under Exchange of Benches." The style of the Judgment Adjudicating Guilt contains the correct trial court cause number, but shows the case as being in the 137th District Court.

TEX. GOV'T CODE ANN. § 24.303(a) (Vernon 1988) authorizes the exchange of benches by district judges of counties in which there are two or more district courts. Appellant did not object to Judge Underwood presiding under an exchange of benches at either the original hearing at which appellant pled guilty and received deferred adjudication, or at the adjudication hearing. Nor does appellant assert error on appeal because Judge Underwood presided via exchange of benches.

9

The record does not indicate that appellant's case was transferred from one court to another. Rather, the record indicates a clerical error in the style of the case on the Judgment Adjudicating Guilt. Thus, the record does not show that jurisdiction of the case was transferred in violation of Code of Criminal Procedure article 42.12 § 10(a). Appellant's third issue is overruled.

## IV. CONCLUSION

Appellant's first and second issues are dismissed; his third issue is overruled. We modify the style of the August 11, 2000, Judgment Adjudicating Guilt to the following: "The State of Texas vs. Aaron Brown, No. 96-422,102 in the 72nd District Court of Lubbock County, Texas." As modified, the judgment is affirmed. TRAP 43.2(b).

Phil Johnson
Justice

Do not publish.