**Opinion issued March 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-01080-CR
## NO. 01-12-01081-CR

_____

**JOSE GUADALUPE HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 08CR2693 & 08CR2694**

# MEMORANDUM OPINION

After his plea of guilty to two counts of aggravated assault with a deadly weapon[1], the trial court deferred an adjudication of guilt and placed Jose Guadalupe Hernandez on community supervision for six years.[2] A little more than three years later, May 24, 2012, the State filed second amended motions to adjudicate guilt in both causes alleging the violation of several conditions of his probation and, on October 19, 2012, the trial court entered an order adjudicating guilt and sentenced him to fifteen years' on each case to run concurrently. In two points of error, appellant contends that he received ineffective assistance because his trial counsel failed to object to the introduction of probation violations not pleaded by the State and to two extraneous offenses. We affirm the revocation orders.

## Background

Appellant was indicted on November 13, 2008, for two second-degree felony counts of aggravated assault. He pleaded guilty to both charged offenses on May 8, 2009, and the trial court deferred adjudication of guilt and placed appellant on community supervision for six years.

---

[1] Both second-degree felonies, the first count is cause number 08CR2693; the second count is cause number 08CR2694.

[2] In 1993, during the 73rd Legislative Session, the statutory term for probation was changed to "community supervision." Both terms refer to the same process and will be used interchangeably in this opinion. *Ivey v. State,* 277 S.W.3d 43, 51 n.48 (Tex. Crim. App. 2009).

On May 24, 2012, the State filed its two second amended motions to adjudicate guilt and revoke probation in both causes alleging several violations of appellant's community supervision. His conditions of community supervision included:

1. commit no offense against the laws of the State of Texas or of any other State, the United States or any governmental entity; and to

26. Perform 240 hours of Community Service work as approved by the Court. Said hours shall be completed at a rate of no less than sixteen (16) hours per month until completed.

The State alleged the following violations:

1a. On or about the 16th day of July, A.D., 2011, in Harris County, Texas, the said Defendant, Jose Guadalupe Hernandez, then and there intentionally prevent[ed] or obstructed[ed] Officer S. Fisher a person the defendant knew to be a peace officer, from effecting an arrest of the defendant, by using force against said peace officer; and

1b. On or about the 16th day of March, A.D., 2012, in Harris County, Texas, the said Defendant, Jose Guadalupe Hernandez, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by reason of the introduction of alcohol into the body; and

26. Said defendant failed to perform Community Service as approved by the Court.

The trial court held a contested hearing on the State's motions to adjudicate on September 20, 2012. Celine Harris, appellant's probation officer, and Houston Police Department Officer Steven Fisher, testified at the adjudication portion of the hearing. Harris testified that appellant was arrested on July 16, 2011, for resisting

3

arrest. She further testified that, according to the offense report, appellant had gone to a bar and was intoxicated. In addition to violating the first condition of his probation (i.e., committing no offense) by resisting arrest, Harris noted that appellant being in a bar and being intoxicated was yet another violation of two other conditions of his community supervision.[3] Trial counsel lodged no objection to the testimony that appellant violated his probation in this latter regard. Harris went on to testify that appellant committed the offense of driving while intoxicated on March 16, 2012, and that he failed to complete his community service within the required amount of time.

Officer Fisher testified that he saw appellant, a wife, and another male go into a nightclub at which Fisher provided security on July 16, 2011. They appeared intoxicated when they left the bar a couple of hours later. Officer Fisher saw appellant raise his fist and punch his wife but as he tried to arrest him for the assault,[4] appellant resisted and they fought on the ground until Officer Fisher's partner arrived and used his taser on appellant. Officer Fisher testified that the police report reflects a charge of "assault contact" but that appellant was subsequently charged with resisting arrest. Officer Fisher recounted that at the

---

[3] The conditions of appellant's community supervision also included (11) "never become intoxicated" and (22) "abstain from the use of alcohol in any form at any time and do not enter any bar, tavern, lounge or other similar place."

[4] Officer Fisher was dressed in full uniform at the time of the incident.

4

time, appellant's wife denied he hit her but had only pushed her. At the conclusion of the hearing, the trial court found allegations 1a, 1b, and 26 true in both cause numbers and heard evidence in the punishment phase. At the sentencing hearing on October 18, 2012, the trial court revoked appellant's probation and sentenced him to fifteen years' confinement.

## Discussion

In his first and second points of error, appellant contends that his trial counsel was ineffective because he failed to object to the introduction of (1) probation violations not pleaded by the State in its motions to adjudicate and (2) evidence of extraneous offenses. The State argues that trial counsel was not ineffective for failing to object to the probation violations or extraneous offenses because (1) the complained-of evidence arises from the same transaction alleged in the motions to adjudicate and (2) counsel's decision not to object to the evidence was sound trial strategy. The State further contends that even if trial counsel had objected, the outcome of the trial would have been the same.

## Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984), and adopted by Texas two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim.

5

App. 1986) (en banc). *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Lopez*, 343 S.W.3d at 142. Unless appellant can prove both prongs, trial counsel's representation will not be found ineffective. *See id.*

To satisfy the first prong, appellant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id.* The constitutional right to counsel does not mean the right to errorless counsel. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983) (en banc). In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

We must make a "strong presumption that counsel's [performance] fell within the wide range of reasonably professional assistance." *Robertson v. State*, 187 S.W.3d 475, 482 (Tex. Crim. App. 2006). In order for us to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Thompson*, 9 S.W.3d at 813. When such direct evidence is not

available, an appellate court "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d 143. While a single error will not typically result in a finding of ineffective assistance of counsel, an egregious error may satisfy the *Strickland* prongs on its own. *Id.*

### Analysis

Appellant first complains that trial counsel failed to object to the introduction of violations of two specific conditions: number 11—"never become intoxicated"; and number 22—"abstain from the use of alcohol in any form at any time and do not enter any bar, tavern, lounge or other similar place," despite the fact that the State had not alleged these violations in its motions to adjudicate.

At the outset, we note that although appellant frames his first issue as one of ineffective assistance, the gravamen of his complaint is that because the State did not allege the probation violations in its motions to adjudicate guilt, he was without notice of them and thus deprived of the opportunity to prepare a defense. However, motions to revoke community supervision have never been held to the strict pleading requirements applied to indictments. *See Labelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985) (en banc). A motion to revoke need only give fair notice of the alleged violation in order to comport with minimum due process. *See id*. at n.2. Probation, in fact, may be revoked for a violation not alleged in the revocation motion, provided the violation was one necessarily

7

encompassed by the violations alleged. *See Cleland v. State*, 572 S.W.2d 673, 675–76 (Tex. Crim. App. 1978); *Chacon v. State*, 558 S.W.2d 874, 876 (Tex. Crim. App. 1977).

Here, the violations for which appellant complains to be without notice are intoxication and his presence in a bar. These violations were committed during the resisting arrest offense alleged as violation (1a) in the State's motions to adjudicate for which appellant was convicted. Further, appellant signed stipulations of evidence reflecting his conviction for resisting arrest in which he waived his rights to appearance, confrontation, and cross-examination of witnesses related to the evidence included in his resisting arrest conviction. Appellant, then, can hardly complain to have been deprived of notice of these allegations. *See LaBelle*, 692 S.W.2d at 105 n.2 (stating allegations contained in motion to revoke community supervision must give fair notice to defendant of violation involved so as to enable defendant to prepare defense). Appellant's first point of error is overruled.

In his second point of error, appellant contends that his trial counsel was ineffective for failing to object to the introduction of extraneous offense evidence that he had assaulted his wife and a peace officer. The State argues that (1) trial counsel did object, (2) these offenses are part of the same violation alleged in its motions to adjudicate, (3) trial counsel's decision not to object was sound trial

8

strategy, and (4) the outcome would not have been different but for trial counsel's alleged error.

At the hearing, Officer Fisher testified to the events leading up to appellant's charge for resisting arrest and clarified that although the police report states "assault contact," appellant was subsequently charged with resisting arrest.

That trial counsel's failure to object to these "extraneous offenses" constitutes ineffective assistance is a mistaken proposition for three reasons. First, the record reflects that when the officer began to recount the events leading to appellant's arrest, appellant's attorney *did* object on the grounds that appellant had already admitted to the violation and that such questioning would be relevant only to punishment. That objection was overruled. Second, the evidence pertaining to appellant's assault of Officer Fisher and appellant's wife constitutes "same transaction contextual evidence" which is admissible as an exception under Rule of Evidence 404(b). *See Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (en banc) (quotations omitted). Here, appellant's assault of his wife and of Officer Fisher were part of the same incident and were necessary to the court's understanding of the charged offense. *See id.* (noting same transaction contextual evidence is admissible as exception to Rule 404(b) where "several crimes are intermixed, or blended with one another, or connected so that they form an

indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others.")

Finally, even if trial counsel had not objected to the alleged extraneous offenses, appellant has failed to prove by a preponderance of the evidence that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *See Lopez*, 343 S.W.3d at 143. Ineffective assistance allegations must be firmly founded in the record which must affirmatively demonstrate the alleged ineffectiveness. *See Goodspeeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Here, appellant filed no motion for new trial or otherwise attempt to make a record of the alleged ineffective assistance. Where the record is silent, as here, we must make a strong presumption that counsel's actions were motivated by sound trial strategy. *Robertson*, 187 S.W.3d at 482.

Based on the record before us, appellant has not overcome the strong presumption that his trial counsel's performance was within the range of reasonable professional assistance. *See Lopez*, 343 S.W.3d at 142; *Robertson*, 187 S.W.3d at 482; *Thompson*, 9 S.W.3d at 813. Having failed to satisfy the first prong of the *Strickland* test, we need not consider the second prong. *See Strickland*, 466 U.S. at 687–96, 104 S. Ct. at 2064–69; *Lopez*, 343 S.W.3d at 137. We overrule appellant's point of error.

## Conclusion

We affirm the trial court's judgments.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).