

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00414-CR

ROY TYLER BEAUCHAMP                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR12-0447

----------

## MEMORANDUM OPINION[1]

----------

Appellant Roy Tyler Beauchamp pleaded guilty to a state jail felony offense in exchange for two years' confinement probated to five years' community supervision. Three months later, the State filed a motion to revoke his community supervision. Beauchamp pleaded true to the State's allegations, and

---

[1]*See* Tex. R. App. P. 47.4.

the trial court accepted his plea, conducted a punishment hearing, revoked his community supervision, and sentenced him to twenty-four months' confinement.

In his sole issue on appeal, Beauchamp asks us to determine whether a duty to sua sponte withdraw a plea in a bench trial extends to "true" pleas in revocation hearings and, if so, whether the trial court's failure to sua sponte withdraw his plea here constituted an abuse of discretion when the record "raises the question of whether [he] knew, at the time the plea was entered, precisely what the allegations against him were."

First, there is no duty to sua sponte withdraw a plea in a bench trial. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004) (holding that the defendant has the burden to timely seek to withdraw his guilty plea and that he may not complain for the first time on appeal that the trial court did not sua sponte withdraw his guilty plea).

Further, a trial court has no duty to withdraw a plea of true in a revocation proceeding, and a plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979) ("[T]here is no duty upon a trial court to withdraw a plea of true in a revocation of probation proceeding even if a probationer presents a defensive issue."); *see also Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) (stating that in the revocation context, the legislature has not authorized binding plea agreements, has not required the court to inquire as to a plea agreement's

existence or admonish the defendant pursuant to article 26.13, and has not provided for withdrawal of a plea after sentencing).

Finally, Beauchamp did not raise his complaint here in the trial court or in a motion for new trial, *see* Tex. R. App. P. 33.1, but even if he had, the record as a whole reflects that Beauchamp knew what the State's allegations were when he pleaded true,[2] that he pleaded true in the hope of getting his community supervision reinstated, and that the punishment evidence from his own witnesses established the violations alleged by the State. Therefore, we overrule Beauchamp's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 17, 2014

---

[2]Beauchamp does not argue that he did not receive the State's motion to revoke or that it failed to provide him fair notice of the alleged violations so that he could prepare a defense. *Cf. Labelle v. State*, 692 S.W.2d 102, 105 & n.2 (Tex. Crim. App. 1985) (stating that a motion to revoke must simply give fair notice of the violation involved in order to comport with minimum due process).