

## NUMBER 13-17-00588-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

DRE JACOBO,                                                                Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

**On appeal from the 105th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

### Before Justices Contreras, Longoria, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellant Dre Jacobo appeals his conviction on four counts of indecency with a child and one count of sexual assault of a child, all second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011 (West, Westlaw through 2017 1st C.S.). Appellant pleaded guilty and was placed on deferred-adjudication community supervision for a

period of ten years. The trial court later revoked appellant's community supervision, adjudicated appellant guilty, and sentenced appellant to concurrent prison terms of fifteen years on each count. By three issues, appellant argues that: (1) the trial court was without jurisdiction to adjudicate guilt because the State's motion was defective; (2) the judgment of conviction is "null and void" because the trial court did not declare appellant guilty; and (3) appellant received ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Following his guilty plea, appellant was placed on deferred-adjudication community supervision for a period of ten years. The State later filed an "Original Motion to Revoke Probation." The motion alleged that appellant committed several violations of his community supervision conditions, including failing to: comply with sex offender registration requirements; report to his probation officer; report a change in residence; pay costs and fees; observe curfew; and complete a sex offender treatment program. The State's motion asked the trial court to "revoke the probation of [appellant]," but it did not include a request for the trial court to adjudicate guilt.

At the revocation hearing, appellant's counsel announced to the trial court that he reached an agreement with the State on a recommended sentence of six years' imprisonment on each count, to be served concurrently. Appellant entered a plea of true to each alleged violation, before testifying on his own behalf. Appellant explained that he violated curfew because he left his residence to avoid being around his brother's friends. Appellant believed that being in the same house with unrelated minors violated his community supervision conditions. On those nights he was not at his residence,

2

appellant stayed with his sister. Appellant stated that he did not inform his probation officer when he was away from home.

The trial court found the alleged violations to be true. It then stated, "I'm going to adjudicate your probation." The trial court assessed punishment at fifteen years' imprisonment on all counts, to be served concurrently.

Appellant filed a motion for new trial, in which he argued that the trial court lacked jurisdiction to adjudicate guilt and that he received ineffective assistance of counsel. The motion for new trial was supported by the affidavit of appellant's trial counsel, who testified that he was taken by surprise when the State did not ask appellant any questions. Counsel testified that he intended to explain to the trial court that appellant should receive a lighter sentence because appellant was relatively young and this was his first felony conviction. Appellant's motion for new trial was denied summarily without a hearing. This appeal followed.

## II. JURISDICTION

By his first issue, appellant argues that the trial court lacked jurisdiction to adjudicate guilt because the State's motion to revoke did not request that the trial court "proceed with an adjudication of guilt."

### A.    Standard of Review and Applicable Law

Whether a trial court has jurisdiction is a question of law that we review de novo. *See State v. Lee*, 437 S.W.3d 910, 911 (Tex. App.—El Paso 2014, pet. ref'd); *Moss v. State*, 13 S.W.3d 877, 883 (Tex. App.—Fort Worth 2000, pet. ref'd). A trial court's jurisdiction to revoke community supervision and adjudicate guilt exists by virtue of the

3

original indictment on which the trial court assessed the terms of community supervision. *Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.); *see LaBelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). When the trial court defers adjudication of guilt and places the defendant on community supervision, the trial court retains jurisdiction over the defendant for the duration of the community supervision imposed. *See generally* TEX. CODE CRIM. PROC. ANN. ch. 42A (West, Westlaw through 2017 1st C.S.) ("Community Supervision"). Because the motion to revoke does not invoke the trial court's jurisdiction, "it is inherently incapable of containing a fundamental defect which prevents jurisdiction from attaching in the revoking court, thereby rendering that court's actions void." *Labelle*, 692 S.W.2d at 105.

## B. Analysis

Appellant was adjudicated guilty and his community supervision was revoked pursuant to a motion that was titled "Original Motion to Revoke Probation." The motion did not reference deferred adjudication or ask the trial court to adjudicate guilt. However, the alleged defect did not deprive the trial court of jurisdiction. *See Labelle*, 692 S.W.2d at 105. Rather, the trial court retained jurisdiction throughout appellant's period of community supervision by virtue of the indictment. *See Spruill*, 382 S.W.3d at 520; *see also LaBelle*, 692 S.W.2d at 105. Appellant's complaint concerns a non-jurisdictional defect in the State's motion, which must be pointed out to the trial court in a timely motion to quash. *See Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.). Appellant did not timely file a motion to quash; therefore error, if any, is waived. *See id.* (citing *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel

4

Op.] 1978)); *see also* TEX. R. APP. P. 33.1(a).

We also note that motions to revoke community supervision and motions to adjudicate guilt are functionally the same. *Cf. Spruill*, 382 S.W.3d at 521 (addressing the inverse scenario to the facts in this case and concluding that a motion styled "Motion to Proceed with an Adjudication of Guilt" was functionally a motion to revoke community supervision). Although different types of community supervision have their own limitations and requirements, a violation of the terms of either deferred-adjudication or ordinary community supervision may result in the defendant's detention and hearing pursuant to article 42A.751 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751; *Spruill*, 382 S.W.3d at 521. Substantively, a proper motion to revoke must give the defendant fair notice of the allegations against him so that he can prepare a defense. *Spruill*, 382 S.W.3d at 520 (citing *Figgins v. State*, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975)). Here, the State's motion provided specific dates and locations for the alleged violations, and the record shows that appellant discussed the allegations with his attorney.[1] *See Rodriguez*, 951 S.W.2d at 204 ("So long as the motion provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, despite flaws in the motion."); *Spruill*, 382 S.W.3d at 520.

We conclude as a matter of law that any defects in the State's motion did not deprive the trial court of jurisdiction to adjudicate appellant guilty. *See LaBelle*, 692

---

[1] This is not a case where the defendant's community supervision was revoked on the basis of allegations not alleged in the State's motion to revoke. *See Caddell v. State,* 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980) (noting that the trial court's authority to revoke community supervision is limited by the allegations of which the accused had due notice); *Hammack v. State, 466* S.W.3d 302, 307 (Tex. App.—Texarkana 2015, no pet.) (same).

5

S.W.2d at 105; *Spruill*, 382 S.W.3d at 520. We further conclude that the motion, despite any defects, provided appellant adequate notice of the charges alleged and afforded him the opportunity to prepare a defense. *See Spruill*, 382 S.W.3d at 520. We overrule appellant's first issue.

## III. PRONOUNCEMENT OF GUILT

By his second issue, appellant argues that the trial court failed to adjudicate appellant guilty by its oral pronouncement, "I'm going to adjudicate your probation[.]" Specifically, appellant maintains that "the revocation order [is] null and void" because the trial court did not declare "the magic words, 'I find you guilty.'"

The trial court's failure to verbalize the adjudication of guilt does not render the judgment void. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). Beyond the pronouncement of sentence, "no further ritual or special incantation from the bench is necessary to accomplish an adjudication of guilt." *Jones v. State*, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). Rather, the trial court's action in assessing punishment after a hearing is an implied rendition of guilt. *See Villela*, 564 S.W.2d at 751. Further, a written judgment is valid even in the absence of an express oral pronouncement of guilt by the trial court. *Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.—Tyler 2006, no pet.) (mem. op.); *Parks v. State*, 960 S.W.2d 234, 238 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Villela*, 564 S.W.2d at 751).

The trial court accepted appellant's pleas of true and pronounced his sentence. No "further ritual or special incantation" was required. *See Jones*, 795 S.W.2d at 201. We overrule appellant's second issue.

6

## IV. Ineffective Assistance of Counsel

By his third issue, appellant argues that his trial counsel was ineffective. Specifically, appellant complains that his trial counsel failed to present mitigating evidence concerning appellant's age and criminal history.

### A. Standard of Review and Applicable Law

To prevail on an ineffective assistance claim, appellant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Lopez*, 343 S.W.3d at 142. To satisfy the first prong, appellant must prove by a preponderance of the evidence that his counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id.*

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if appellant rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142. "In order for an appellate court to find that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record; the court must not engage in retrospective speculation." *Lopez*, 343 S.W.3d

at 142; *see Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of ineffectiveness must be firmly rooted in the record[.]"). "It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). When direct evidence is unavailable, we will assume counsel had a strategy "if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143. We must review the totality of the representation and the circumstances of each case without the benefit of hindsight. *Id.*

## B. Analysis

Appellant asks this Court to consider his motion for new trial and the attached affidavit of his trial counsel. However, appellant's motion for new trial was summarily denied without a hearing.[2] Post-trial motions are not self-proving and any allegation made in support of such motions by way of affidavit or otherwise must be offered into evidence at a hearing. *See Rouse v. State*, 300 S.W.3d 754, 761–62 (Tex. Crim. App. 2009) (holding that the appellate court erred in relying on trial counsel's admissions in a post-conviction motion that the appellant's plea was involuntary where the motion was not introduced into evidence at a hearing); *Lamb v. State*, 680 S.W.2d 11, 13 (Tex. Crim. App. 1984) (en banc) ("Motions for new trial are not self-proving. They must be supported by affidavits and the affidavits must be offered into evidence."); *see also McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985) (en banc) (explaining that an affidavit that is simply filed in the clerk's office is not admitted into evidence); *Munoz*

---

[2] Appellant does not argue on appeal that the trial court erred in failing to set a hearing on his motion for new trial.

8

*v. State*, No. 13-12-00788-CR, 2015 WL 5157565, at *4 (Tex. App.—Corpus Christi Sept. 1, 2015, no pet.) (mem. op., not designated for publication) (declining to consider affidavit attached to motion for new trial where motion was denied without a hearing). This rule is based, in part, on permitting the non-moving party an opportunity to respond to the allegations before a conviction is reversed. *See Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) (providing that appellate courts would violate ordinary notions of procedural default to reverse a trial court's decision on a theory not presented to the trial court). Because the affidavit of appellant's trial counsel was not introduced into evidence at any hearing on his motion for new trial, we may not consider the allegations contained in his motion and his affidavit for any reason.

Without the benefit of a proper evidentiary record, it is extremely difficult to show trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant generally complains that his trial counsel failed to present mitigating evidence such as highlighting appellant's young age and that this was his first felony prosecution. However, evidence of appellant's age and criminal history was apparent in the record before the trial court. And the lack of prior convictions could reasonably be implied from the State's failure to present evidence to the contrary. We are unable to conclude that appellant's counsel was ineffective for failing to highlight these factors. In addition, we are prohibited from speculating as to what other mitigating evidence may have been available for presentation as the record is silent as to such evidence. *See Straight v. State*, 515 S.W.3d 553, 570 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd).

Further, this is not a case where counsel wholly failed to make an effort to mitigate punishment. First, counsel established through appellant's testimony that many of appellant's violations occurred because appellant left home to avoid being in the presence of unrelated minors. Second, counsel was able to secure a recommended punishment of six years' imprisonment from the State. On this limited record, we conclude that appellant has failed to rebut the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142. We overrule appellant's third issue.

## V. Conclusion

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
9th day of August, 2018.