**AFFIRMED as MODIFIED and Opinion Filed June 4, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-01248-CR
No. 05-18-01249-CR
No. 05-18-01250-CR
No. 05-18-01251-CR

**AARON MICAH CARPENTER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 396th District Court**
**Tarrant County, Texas**
**Trial Court Cause Nos. 1464428D, 1464424D, 1464421D, 1464417D**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Aaron Micah Carpenter appeals three judgments adjudicating him guilty of aggravated assault with a deadly weapon and one judgment adjudicating him guilty of assault of a public servant. In his first four issues, appellant seeks correction of the judgments in each case to accurately reflect the title of the State's pleading under which the trial court proceeded to adjudicate him guilty. In his last point of error, appellant seeks the reversal of one of the aggravated assault convictions arguing the trial court had no jurisdiction to adjudicate his guilt based on a pleading that had been superseded. We modify the trial court's judgments as requested and affirm the judgments as modified.

On August 17, 2016, appellant was indicted for one count of assault of a public servant in cause number 1464417D and three counts of aggravated assault with a deadly weapon in cause numbers 1464421D, 1464424D, and 1464428D. He pleaded guilty to all four offenses. The trial court deferred finding appellant guilty, and placed him on community supervision for a period of five years.

On March 10, 2017, the State filed a Petition to Proceed to Adjudication in each case alleging appellant had violated the terms and conditions of his community supervision. A hearing was conducted on the petitions and the trial court continued appellant's probation. The court added supplemental terms and conditions to the community supervision, however, including requiring appellant to successfully complete a treatment program in the substance abuse felony punishment facility (SAFPF).

On May 24, 2018 the State filed a Second Petition to Proceed to Adjudication in all four cases. The State alleged appellant had again violated the terms and conditions of his community supervision by (1) admitting to using methamphetamine while in the SAFPF, (2) testing positive for methamphetamine, (3) testing positive for MDMA, and (4) being unsuccessfully discharged from the Salvation Army. On June 6, 2018, the State filed a First Amended Second Petition to Proceed to Adjudication in causes 1464417D, 1464421D, and 1464428D. The amended petition added a second allegation that appellant tested positive for methamphetamine. No amended petition was filed in cause number 1464424D.

The trial court heard the State's petitions to adjudicate on August 29, 2018. At the beginning of the hearing, the trial court stated "These are Cause Numbers 1464417D, 1464421D, 1464424D, and 1464428D, all styled the State of Texas versus Aaron Micah Carpenter. The matter before the Court is, in the first two called cause numbers, is [sic] the State's First Amended Second Petition to Proceed to Adjudication. In the last two cause numbers it is the State's Second Petition

–2–

to Proceed to Adjudication." Neither the State nor appellant objected or informed the judge that an amended petition had been filed in cause number 1464428D.

During the hearing, the State waived three of its allegations of probation violations, including the allegation added in the amended petition, and proceeded only on the allegations that appellant admitted to using methamphetamine while in the SAFPF and was unsuccessfully discharged from the Salvation Army. Appellant pleaded not true to both allegations and the State presented evidence to prove each violation. At the conclusion of the hearing, the trial court determined appellant had violated the terms and conditions of his community supervision and found him guilty of all four offenses. The court sentenced appellant to three years of incarceration for each offense with the sentences to run concurrently.

The written judgments signed by the trial court specified the court's findings on appellant's probation violations. In the judgments for cause numbers 1464417D and 1464421D, the trial court stated that, while on community supervision, "Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as attached: PARAGRAPHS 2 & 5." In the judgments for cause numbers 1464424D and 1466428D the trial court stated that, while on community supervision, "Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as attached: Paragraphs 1 & 4." The paragraphs referenced in each judgment corresponded to the State's allegations that appellant admitted to using methamphetamine while in the SAFPF and was unsuccessfully discharged from the Salvation Army. Appellant then brought this appeal.

In his first four issues, appellant contends the judgments should be corrected to properly name the State's pleadings made the basis of the trial court's rulings. The State agrees. The judgments signed by the trial court name the State's pleadings using general titles that refer to the substance of the pleadings rather than the actual titles of the pleadings used by the State. For

purposes of clarity, we agree the judgments should be corrected. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Here, the trial judge identified the pleadings he was ruling on in each case at the beginning of the hearing. Accordingly, we may modify the judgments to accurately reflect the trial court's rulings.

We sustain appellant's first four issues and modify the judgments in cause numbers 1464417D and 1464421D to show the trial court found appellant violated the terms and conditions of his community supervision as alleged paragraphs 2 & 5 of the State's First Amended Second Petition to Proceed to Adjudication. We modify the judgments in cause numbers 1464424D and 1464428D to show the trial court found appellant violated the terms and conditions of his community supervision as alleged paragraphs 1 & 4 of the State's Second Petition to Proceed to Adjudication.

In his fifth issue, appellant contends we must reverse the trial court's judgment in cause number 1464428D[1] because the court adjudicated him guilty based on a petition that was not the State's live pleading. The trial court stated it was hearing the State's Second Petition to Proceed to Adjudication in cause number 1464428D even though the State had filed an amended petition in that case. Appellant argues the trial court "did not have jurisdiction over the petition which was superseded by a subsequently filed petition" and "there seems to be no solution but reversal."

Appellant cites no authority and makes no argument regarding how the court's ruling on the State's earlier filed petition is a jurisdictional issue. Motions to revoke probation and proceed

---

[1] At certain points in his brief, appellant incorrectly refers to the wrong appellate cause number for the appeal of the judgment rendered in trial court cause number 1464428D. It is clear from the context of his argument that appellant is seeking reversal of the judgment rendered in trial court cause number 1464428D, which has the appellate cause number 05-18-01248-CR.

with adjudication of guilt do not serve to invoke the trial court's jurisdiction. *Labelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Instead, the court's jurisdiction exists by virtue of the original indictment on which the trial court assessed the terms of the community supervision. *Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.). That court retains jurisdiction over the defendant while he is on probation. *Labelle*, 692 S.W.2d at 105; *see also* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c). Since the motion to revoke probation does not invoke the court's jurisdiction, it is inherently incapable of preventing jurisdiction from attaching in the revoking court and thereby rendering that court's actions void. *Labelle*, 692 S.W.2d at 105. Accordingly, even if the trial court erred in this case by proceeding to revoke appellant's probation and adjudicate him guilty based on the wrong petition, such error had no effect on the court's jurisdiction to make its ruling. *Id.*

The record shows that appellant did not object to the trial court proceeding to adjudicate him guilty based on the State's Second Petition to Proceed to Adjudication in cause number 1464428D. It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Furthermore, appellant fails to show how he was harmed by the trial court's use of the earlier petition to adjudicate him guilty. The two petitions were substantively identical with the exception that the amended petition contained an added allegation that was ultimately waived by the State. A motion to revoke probation is sufficient if it gives the defendant fair notice of the allegations against him so he may prepare a defense. *Figgins v. State*, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975). Appellant concedes in his brief that the correct allegations were heard and ruled on by the trial court in cause number 1464428D. Only the numbers of the paragraphs containing the allegations were changed. Because the correct allegations were ruled on by the trial court, and the use of the earlier petition did not affect appellant's ability to present a defense, we conclude he suffered no

harm as a result of the trial court proceeding on the earlier petition and appellant is not entitled to reversal. *See* TEX. R. APP. P. 44.2. We resolve appellant's fifth issue against him.

We modify the trial court's judgments as set out above and affirm the judgments as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

181248F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON MICAH CARPENTER, Appellant

No. 05-18-01248-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court,
Tarrant County, Texas
Trial Court Cause No. 1464428D.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment stating "State's ORIGINAL Motion to Adjudicate Guilt" is hereby **DELETED** and **REPLACED** with "State's Second Petition to Proceed to Adjudication."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 4, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON MICAH CARPENTER, Appellant

No. 05-18-01249-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court,
Tarrant County, Texas
Trial Court Cause No. 1464424D.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment stating "State's ORIGINAL Motion to Adjudicate Guilt" is hereby **DELETED** and **REPLACED** with "State's Second Petition to Proceed to Adjudication."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 4, 2019



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AARON MICAH CARPENTER, Appellant

No. 05-18-01250-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court, Tarrant County, Texas
Trial Court Cause No. 1464421D.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment stating "State's AMENDED Motion to Adjudicate Guilt" is hereby **DELETED** and **REPLACED** with "State's First Amended Second Petition to Proceed to Adjudication."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 4, 2019



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

AARON MICAH CARPENTER, Appellant

No. 05-18-01251-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court, Tarrant County, Texas
Trial Court Cause No. 1464417D.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment stating "State's AMENDED Motion to Adjudicate Guilt" is hereby **DELETED** and **REPLACED** with "State's First Amended Second Petition to Proceed to Adjudication."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered June 4, 2019

–10–