# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00632-CR

**Thomas Lee Spruill a/k/a/ Mauldin Austin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
## NO. D-1-DC-06-301620, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## O P I N I O N

Appellant, Thomas Lee Spruill, was indicted for possession of cocaine and, after entering into a plea agreement with the State, was sentenced to two years in state jail, probated for three years. *See* Tex. Health & Safety Code Ann. § 481.115(b) (West 2010); Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3(a), 15 (West Supp. 2011). Before the expiration of appellant's probationary period, the State filed a "motion to proceed with adjudication of guilt," asserting that appellant had violated terms of his community supervision, which the motion called "deferred adjudication." The trial court held a probation-revocation hearing on the motion and, after determining that appellant had violated several conditions of his community supervision, revoked appellant's probation and sentenced him to two years in state jail.

In his first appellate issue, appellant asserts that the trial court lacked jurisdiction to revoke his community supervision because the State improperly filed a motion to proceed with

adjudication of guilt rather than a proper motion to revoke probation. Appellant asserts that the improper motion did not give the court revocation jurisdiction, and therefore the judgment revoking his community supervision is void. In his second appellate issue, appellant asserts that he was denied the effective assistance of counsel when his trial counsel failed to object to the State's improper motion. We will overrule both issues and affirm the trial court's judgment.

## BACKGROUND

After entering into a plea bargain with the State, appellant was sentenced by the trial court to two years in state jail, probated for three years of community supervision. Because appellant was indicted for possession of cocaine, less than one gram—a state jail felony—he was placed on "state jail felony community supervision" pursuant to article 42.12, section 15 of the Texas Code of Criminal Procedure.

On December 21, 2010, less than one month before the expiration of appellant's probationary period, the State filed a motion entitled "Motion to Proceed with an Adjudication of Guilt," alleging several violations of the terms of appellant's community supervision. The motion incorrectly referred to appellant's community supervision as "Deferred Adjudication." However, appellant had not been placed on deferred adjudication. Rather, he had been placed on state jail felony community supervision, which is akin to "regular probation": the court had adjudged appellant guilty, and appellant's state jail sentence had been suspended pending his fulfillment of a period of community supervision. *See generally* Tex. Code Crim. Proc. Ann. art. 42.12, § 15.

Pursuant to the State's motion and the trial court's resulting warrant, appellant was arrested on January 6, 2011, 10 days before the expiration of his probationary period. The trial court

held a probation-revocation hearing on August 15, 2011.[1] Defense counsel did not object to the motion, and throughout the hearing, defense counsel, the State, the court, and appellant interchanged the terms "deferred adjudication," "probation," "motion to revoke," and "motion to proceed with adjudication of guilt." After hearing evidence concerning several alleged offenses committed by appellant during his probationary period, the trial court found the allegations in the motion to be true and revoked appellant's community supervision. The court then sentenced appellant to two years in state jail.

## DISCUSSION

A court's jurisdiction to revoke probation exists by virtue of the original indictment on which the trial court assessed the terms of community supervision. *See LaBelle v. State*, 692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Additionally, revocation jurisdiction requires the filing of a motion to revoke and the issuance of a capias during the probationary period. *Rodriguez v. State*, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991). Although jurisdictional deficiencies are not waivable and may be raised at any time, *see Gallagher v. State*, 690 S.W.2d 587, 588 (Tex. Crim. App. 1985), the substantive issues regarding the sufficiency of a motion to revoke cannot usually be challenged for the first time on appeal. *See Martinez v. State*, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973). Substantively, a proper motion to revoke must give the defendant fair notice of the

---

[1] Although appellant's probationary period expired before the revocation hearing, a court can revoke a defendant's community supervision after the probationary period has expired if a motion to revoke is filed and a capias issued during the probationary period. *See Coleman v. State*, 632 S.W.2d 616, 618 (Tex. Crim. App. 1982); *Lynch v. State*, 502 S.W.2d 740, 741 (Tex. Crim. App. 1973).

3

allegations against him so that he can prepare a defense. *Figgins v. State*, 528 S.W.2d 261, 263 (Tex. Crim. App. 1973). Here, the question—one of first impression in Texas—is whether a motion styled "motion to proceed with adjudication of guilt" and referring to "deferred adjudication" can properly support a court's probation-revocation jurisdiction when the motion substantively functions as a motion to revoke.

Article 42.12 of the Texas Code of Criminal Procedure prescribes several different types of probation, referred to collectively as community supervision. *See generally* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3 ("regular" or "straight" community supervision), 5 (deferred adjudication community supervision), 6 (shock community supervision), 8 (state boot camp community supervision), 15 (state jail felony community supervision). "Community supervision" is defined as:

> the placement of the defendant by a court on a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

*Id.* art. 42.12, § 2(2).

Here, appellant was placed on state jail felony community supervision pursuant to article 42.12, section 15, but it was revoked pursuant to a motion that referenced "deferred adjudication." Although the different types of community supervision have their own limitations and requirements, *see State v. Juvrud*, 187 S.W.3d 492, 493 (Tex. Crim. App. 2006), a violation of the terms of either deferred adjudication or state jail felony community supervision may

4

result in the defendant's detention and a section 21 hearing. *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5(b) (stating that violation of deferred adjudication will result in detention and hearing under section 21), 15(e), (f)(1) (stating that violation of state-jail-felony community supervision will result in detention and hearing under section 21), 21 (describing substantive and jurisdictional requirements of section 21 hearing).

Section 21 of article 42.12 provides the State and the court with procedures to detain the defendant after he has violated the terms of his community supervision. After the defendant has been detained, he is entitled to a hearing in which the court will determine whether he has violated the terms of his community supervision. *See id.* art. 42.12, § 21(b). The jurisdictional requirements for a section 21 hearing are provided in section 21(e):

> A court retains jurisdiction to hold a hearing under Subsection (b) and revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state *files a motion to revoke, continue, or modify community supervision* and a capias is issued for the arrest of the defendant.

*Id.* art. 42.12, § 21(e) (emphasis added).

Appellant asserts that a court's revocation jurisdiction requires a motion styled "motion to revoke probation" when the defendant has been placed on state jail felony community supervision. This technical argument—that the formal title of a motion determines revocation jurisdiction—is inconsistent with the jurisdictional provision of section 21, which focuses on the function of the motion rather than its title or form. *See id.* A motion to proceed with adjudication of guilt is, functionally, a motion to revoke community supervision. In filing a motion to proceed

with adjudication of guilt, the State is asking the court to revoke the defendant's deferred adjudication community supervision and adjudge the defendant guilty. Therefore, we hold that under the requirements of section 21(e), a motion to proceed with adjudication of guilt is a "motion to revoke, continue, or modify community supervision" within the meaning of section 21(e) and is sufficient to give the court revocation jurisdiction.

Reading section 21(e) to grant a court revocation jurisdiction despite the filing of an improperly titled motion squares this provision with a substantial body of Texas case law that emphasizes a motion's function over its form. *See State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996) (holding that reviewing court can look past label assigned to motion to determine whether it is "functional equivalent" for another type of motion); *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992) (holding that functional effect of motion rather than its title controls). For example, a motion to revoke probation need not strictly comply with all the requirements of an indictment, so long as it provides fair notice to the defendant. *See LaBelle*, 720 S.W.2d at 108; *Mitchell v. State*, 608 S.W2d 226, 228 (Tex. Crim. App. 1980); *Mason v. State*, 495 S.W.2d 248, 250 (Tex. Crim. App. 1973). "So long as the motion provides adequate notice of the charges alleged, fundamental notions of fairness are satisfied, *despite flaws in the motion*." *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.) (citing *LaBelle*, 720 S.W.2d at 108-09) (emphasis added).

Here, the State's motion to proceed with adjudication of guilt gave appellant fair notice of the alleged violations of the terms of his community supervision. Appellant does not claim to have been misled, surprised, or prejudiced by anything in the improperly titled motion. Appellant

6

complains only that the motion carried the wrong title and listed an incorrect form of community supervision, not that he was unaware that the State intended to revoke his community supervision. Appellant stated during the hearing that he understood the terms of his community supervision and the allegations being brought against him. The motion provides specific dates and locations for the alleged violations, and the record shows that appellant used information in the motion to prepare his defense, which was presented at the hearing. Therefore, because the motion gave appellant adequate notice of the alleged violations and the State's intent to have appellant's community supervision revoked, it fulfilled the functions of a motion to revoke probation and was sufficient to give the court revocation jurisdiction. Appellant's first issue is overruled.

Appellant next contends that he was denied effective assistance of counsel when defense counsel failed to object to the form of the improperly titled motion, failed to file a motion to quash, and failed to object at the revocation hearing. Appellant asserts that had defense counsel objected to the motion after the probationary period expired, the trial court would have been forced to dismiss the motion, and his community supervision would not have been revoked.

Our overruling of appellant's first issue renders his claim of ineffective assistance moot. Because the State's motion to proceed with adjudication of guilt gave the court revocation jurisdiction, any objection by defense counsel to the form of the motion would not have been effective to point out an error or preserve any complaint in connection with the court's ruling on the motion. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (ineffective counsel claim must show that trial counsel's deficient assistance prejudiced defendant to such extent that there is reasonable probability that result of proceeding would have been different but for that deficient

assistance); *Hernandez v. State*, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986) (holding that *Strickland* standard applies in ineffective assistance of counsel claims brought under article I, section 10 of the Texas Constitution). Appellant's second issue is overruled.

## CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's revocation of appellant's community supervision.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Rose

Affirmed

Filed:   August 23, 2012

Publish