**AFFIRM; and Opinion Filed July 15, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01228-CR
No. 05-12-01229-CR

**ALDOLFO MOYA SALAZAR, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-63048-I & F10-63151-I**

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Fillmore

Aldolfo Moya Salazar, Jr.[1] appeals following the revocation of his community supervision and adjudication of guilt in these cases. In his first issue, Salazar contends his guilty plea to an aggravated robbery charge was not knowing and voluntary because the trial court incorrectly admonished him as to the applicable punishment range. In his second issue, Salazar asserts the trial court erred by denying his motion to strike the allegation in the State's motion to adjudicate guilt that Salazar violated the conditions of his community supervision by being "arrested for" new offenses. We affirm the trial court's judgments. We issue this memorandum opinion because the law to be applied in these cases is well settled. *See* TEX. R. APP. P. 47.4.

---

[1] The record references appellant's first name as both "Adolfo" and "Aldolfo." Because the judgments list appellant's first name as "Aldolfo," we use that name in this opinion.

**Background**

Salazar pleaded guilty to aggravated robbery, enhanced by one prior felony conviction, and burglary of a habitation. Pursuant to plea agreements, the trial court deferred a finding of guilt, placed Salazar on community supervision for a period of ten years, and ordered that Salazar serve 180 days in jail as a condition of community supervision in each case and assessed a $2,500 fine as a condition of community supervision in the aggravated robbery case. As relevant to this appeal, condition (a) of Salazar's community supervision stated, "Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of Supervision."

The State later moved to adjudicate guilt, alleging in amended motions to adjudicate that Salazar violated condition (a) of his community supervision by being "arrested for" the offenses of aggravated assault with a deadly weapon, "as alleged in Cause Number F12545971," and unlawfully carrying a weapon, "as alleged in cause number M1255351M." The State also alleged Salazar failed to comply with a number of other conditions of his community supervision by failing to pay court costs, fines, and fees, failing to complete community services hours, and failing to participate in certain programs. Salazar pleaded "true" to the allegations that he violated the "technical" conditions of his community supervision and "not true" to the allegation he violated condition (a) of his community supervision.

Salazar requested the trial court strike the allegation he violated condition (a) of his community supervision because being arrested was not a violation of a condition of community supervision. The State responded that the motion gave "notice of some of the violations that the defendant has picked up while on probation. It is a violation to be involved in a crime and to be in a crime area around people that are committing crimes." The trial court denied Salazar's motion to strike and heard evidence from a number of witnesses that, while on community

supervision, Salazar unlawfully carried a weapon and shot Luis Carrasco three times. The trial court granted the State's motion to adjudicate in both cases, found Salazar guilty of burglary of a habitation and aggravated robbery, and assessed punishment of twenty years' imprisonment on the burglary offense and sixty years' imprisonment on the aggravated robbery offense.

## Standard of Review

Our review of a trial court's order adjudicating guilt is ordinarily limited to whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b) (West Supp. 2012); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of supervision. *Rickels*, 202 S.W.3d at 763–64. A finding of a single violation of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

## Voluntariness of Plea

In his first issue, Salazar contends his guilty plea in the aggravated robbery case was involuntary because he was not admonished as to the correct range of punishment. A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) ("The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision."). Salazar did not appeal from the order granting deferred adjudication

and may not raise an issue relating to the voluntariness of his plea in this appeal. *See Manuel*, 994 S.W.2d at 661–62 (court of appeals did not err by determining it did not have jurisdiction to address merit of appellant's claim because appellant waited until after his community supervision had been revoked and guilt adjudicated to complain about error in original plea proceedings). We dismiss Salazar's first issue due to lack of jurisdiction. *See id.*

**Motion to Strike**

In his second issue, Salazar asserts the trial court erred by denying his motion to strike the State's allegation that he violated condition (a) of his community supervision. Salazar specifically argues the State alleged he violated his community supervision by being "arrested for" two offenses, and being arrested did not violate the conditions of community supervision.[2]

Because a revocation of community supervision results in the loss of liberty, a proceeding to revoke community supervision constitutionally requires the application of appropriate due process. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (plurality op.). Due process requires, among other things, that the probationer received written notice of the claimed violations of his community supervision. *Gagnon*, 411 U.S. at 786; *Ex parte Carmona*, 185 S.W.3d at 495. However, a motion to revoke does not require the same specificity as an indictment to afford a defendant due process. *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). Rather, an allegation in a motion to revoke is sufficient if it alleges a violation of the law and affords the defendant fair notice of the alleged violation so that he can prepare a defense. *Id*.; *Figgins v. State*, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975); *Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.). "So long as the motion provides adequate notice of the charges alleged, fundamental

---

[2] Salazar concedes that his plea of "true" to the allegations that he committed "technical" violations of the terms of his community supervision is sufficient to support the revocation order, but contends the severity of the sentence might have been less if the trial court had not heard evidence of the new alleged offenses.

notions of fairness are satisfied, despite flaws in the motion." *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.) (citing *Labelle v. State*, 720 S.W.2d 101, 108–09 (Tex. Crim. App. 1986)); *see also Spruill*, 382 S.W.3d at 522.

Salazar's only complaint in the trial court about the State's motion to proceed with an adjudication of guilt was that an arrest did not violate the conditions of community supervision. The State responded that the motion provided notice to Salazar of the offenses Salazar had committed while on probation. Salazar did not complain that the motion did not provide fair notice of the offenses that the State alleged he had committed.

We conclude that, although couched in terms that Salazar was arrested for new offenses rather than that Salazar had committed new offenses, the State's motion to proceed with adjudication of guilt gave Salazar fair notice that the State alleged he had violated condition (a) of the terms of his community supervision. The motion stated that Salazar had been arrested for aggravated assault and for unlawfully carrying a weapon and provided the cause numbers in which the new charges had been filed. Salazar does not claim to have been misled or surprised by the State's position that he violated the terms of his community supervision by committing the offenses of aggravated assault and unlawfully carrying a weapon. He also does not contend that his ability to prepare a defense was affected by the wording of the State's motion. We conclude that Salazar was given fair notice, and understood, that the State would attempt to prove he violated condition (a) of his community supervision by committing the offenses of aggravated assault and unlawfully carrying a weapon. *See Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978).[3] We resolve Salazar's second issue against him.

---

[3] *See also Siglar v. State*, No. 07-97-00123-CR, 1997 WL 284629, at *1 (Tex. App.—Amarillo May 29, 1997, pet. ref'd) (not designated for publication) (allegation that defendant was arrested for an offense gave fair notice to defendant that the State would attempt to prove he violated condition of probation by committing new offense).

We affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121228F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALDOLFO MOYA SALAZAR, JR.,
Appellant

No. 05-12-01228-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F10-63048-I.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of July, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALDOLFO MOYA SALAZAR, JR.,
Appellant

No. 05-12-01229-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas,
Trial Court Cause No. F10-63151-I.
Opinion delivered by Justice Fillmore,
Justices O'Neill and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of July, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE