

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00273-CR
_____

JAMES EARL ROLLING, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 278th District Court
Walker County, Texas[1]
Trial Court No. 25627, Honorable Hal R. Ridley, Presiding

November 28, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

James Earl Rolling, Sr., appellant, was adjudicated guilty of the offense of possession of a controlled substance[2] and sentenced to serve twenty years' confinement. In this appeal, appellant contends that (1) the trial court erred in denying his motion for

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Tenth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.115(d) (West 2017).

mistrial based on the State's failure to disclose exculpatory evidence, and (2) the evidence was insufficient for the trial court to enter an order of adjudication. We affirm.

## Background

In 2014, appellant entered a plea of guilty to the offense of possession of a controlled substance. Pursuant to a plea bargain agreement, appellant was placed on deferred adjudication community supervision for a period of ten years. In January of 2017, the State filed a motion to proceed to adjudication, alleging appellant had violated two provisions of the order granting community supervision by: (1) committing a new offense, namely the delivery of a controlled substance in July of 2016, and (2) failing to report to his supervision officer for the month of June 2016.

The trial court conducted a hearing on the State's motion to proceed on April 25, 2017. Following receipt of the evidence, the trial court adjudicated appellant guilty of the offense of possession of a controlled substance. The sentencing phase of the hearing was held on June 16, 2017. At the outset of the hearing, appellant moved for a mistrial on the basis that the State had failed to disclose exculpatory evidence. The trial court denied the motion and assessed punishment at twenty years' confinement in the Texas Department of Criminal Justice. Appellant timely filed this appeal.

## Analysis

### Standard of Review

A motion to proceed with adjudication of guilt is the functional equivalent of a motion to revoke community supervision. *Spruill v. State*, 382 S.W.3d 518, 521 (Tex.

App.—Austin 2012, no pet.). A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc). This standard is met when the "greater weight of the credible evidence [creates] a reasonable belief that the defendant has violated a condition" of his community supervision. *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298) (Tex. Crim. App. 1974)). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493-94. In determining the sufficiency of the evidence to support a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Denial of Motion for Mistrial

In his first issue, appellant asserts that the trial court erred in denying his motion for mistrial. Appellant's motion was premised on the theory that the State failed to disclose exculpatory evidence concerning the confidential informant who testified for the State. The confidential informant was a key witness in establishing the State's allegation that appellant committed the offense of delivery of a controlled substance. She testified that she worked as a confidential informant for the Huntsville Police Department and that she was paid "about $50" each time she made a buy for police. She testified that on July 12, 2016, she met with two detectives, then called appellant and asked if he had any "pills." He told her to "come on." The detectives provided her with $100 and equipped her with two cameras to wear during the transaction. She then went to appellant's house

3

and he gave her ten pills, for which she paid him $80. The confidential informant returned to the designated meeting place and gave the pills to the detectives, who later determined that they were Hydrocodone acetaminophen.

The State had provided appellant with notice that the confidential informant was paid by the police, and the confidential informant testified to that fact. However, the State did not provide appellant with the Huntsville Police Department's Confidential Source Code of Conduct until after the hearing on the motion to proceed to adjudication. The Code of Conduct included a provision that the informant would "receive expense money only" and that such money "does not include any reward monies or profit of any kind" for the informant's participation. The confidential informant had agreed to the Code of Conduct and signed it in October of 2012. Appellant argues that, because the confidential informant's testimony showed that the informant was paid, an apparent violation of the Code of Conduct, the information was exculpatory and should have been disclosed prior to the hearing.

The State has a duty to disclose exculpatory evidence that is material to a defendant's case. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). A *Brady* violation occurs when the State fails to disclose evidence which is favorable to the accused that creates a probability sufficient to undermine the confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992) (en banc). A defendant seeking to establish a *Brady* violation must show that: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the evidence is material, i.e., there is a reasonable probability that the outcome of the trial would have been

4

different had the evidence been disclosed. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).

Favorable evidence includes exculpatory evidence as well as impeachment evidence. *Pena v. State*, 353 S.W.3d 797, 811 (Tex. Crim. App. 2011); *Johnston v. State*, 917 S.W.2d 135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd) (*Brady* violation occurs when a prosecutor fails to disclose evidence that may impeach the credibility of a State's witness where the witness's credibility is material to the accused's guilt or innocence). According to appellant, the undisclosed evidence provided a basis for impeaching the credibility of the confidential informant.

The confidential informant played a key role in establishing that appellant had committed a new offense and her credibility was important to the State's case. However, appellant's brief does not spell out the impeachment value of the undisclosed information.

Rule 608 governs the admission of evidence of the conduct of a witness to impeach the witness's credibility. TEX. R. EVID. 608. Under Rule 608(b), specific instances of conduct, other than conviction of a crime, cannot be explored on cross-examination in an effort to attack the credibility of a witness. Because the confidential informant's acceptance of remuneration for her cooperation with the police does not involve the conviction of a crime, the evidence was subject to exclusion under Rule 608(b). Moreover, to the extent appellant sought to show that the confidential informant was biased toward the State, appellant was already armed with the information that the Huntsville Police Department had paid the confidential informant for her services. The

5

witness's bias would not be established by evidence that such payment was at odds with the confidential informant's original agreement with the police.

We conclude that appellant has not shown a reasonable probability that disclosure of the Code of Conduct evidence would have resulted in a different outcome at trial. Consequently, we discern no abuse of discretion in the trial court's denial of appellant's motion for a mistrial. We overrule appellant's first issue.

Sufficiency of the Evidence

Appellant next contends that the evidence was insufficient to support the finding that he violated the terms and conditions of community supervision as alleged by the State. As set forth above, the trial court found that appellant had committed two violations: committing a new offense and failing to report to his supervision officer.

New Offense

Appellant argues that the State's evidence that he committed a new offense was insufficient because it rested on the credibility of an informant who admitted to using drugs and being paid to provide evidence. Appellant points to three perceived problems with the evidence of the controlled buy involving the informant: first, he asserts that the confidential informant was not thoroughly searched before the controlled buy, because the officer who searched her testified that he did not search her "intimate areas" and did not visually inspect her bra; second, the video of the confidential informant driving to and from appellant's residence does not show the informant's hands; and third, appellant claims that the evidence failed to show that appellant was the source of the pills that the confidential informant turned over to the detectives.

The trial court heard all the evidence, including the testimony of the confidential informant concerning her purchase of pills from appellant, along with appellant's cross-examination of her and of the detectives involved in the transaction. The trial court then determined that a violation had been proven by a preponderance of the evidence. As an appellate court, we cannot reweigh the evidence and alter the factfinder's credibility determinations. *In re A.L.D.H.*, 373 S.W.3d 187, 194 (Tex. App.—Amarillo 2012, pet. denied). We conclude the evidence was sufficient to support the trial court's determination that appellant violated the terms and conditions of his community supervision by committing a new criminal offense.

Failure to Report

Appellant also maintains that the evidence was insufficient to establish he violated his duty to report in June 2016. However, when the trial court finds multiple violations, we will affirm the order revoking community supervision if the State proved any single violation by the preponderance of the evidence. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Because we have found that the evidence supports the trial court's determination as to the first violation, we need not address the second violation. *See* Tex. R. App. P. 47.1.

Conclusion

Having found no abuse of discretion, we affirm the trial court's decision.

Judy C. Parker
Justice

Do not publish.